IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL PERSLEY, | : | |
| Plaintiff, | : | Case No. 2:05-cv-702 |
| v. | : | Judge Watson |
| INTERNAL REVENUE SERVICE, | : | Magistrate Judge Abel |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on defendant United States' October 11, 2005 unopposed motion to dismiss or to affirm determination of the Internal Revenue Service ("IRS") Appeals Office (doc. 8). The United States argues that this action should be dismissed because it was never properly served. In the alternative the United States argues that the decision of the IRS Appeals Office should be adopted because Persley cannot show that it abused its discretion when it upheld a tax lien and refused to grant Persley any abatements. In July 2005, Persley filed a complaint in this Court seeking relief from the Appeals Office's decision arguing that it improperly upheld the IRS's decision because it failed to consider the financial hardship she was experiencing.

## I. Background.[1]

In 1998, plaintiff Cheryl Persley began operating a child-care center. According to the United States, Persley's child-care center accrued unpaid tax liabilities for the tax periods ending March 31, 2004, June 30, 2004, September 30, 2004, and December 31, 2004. She also accrued unemployment tax liabilities for the tax period ending December 31, 2004.

After filing notice of a tax lien, the IRS must notify the taxpayer and, if requested by the taxpayer, conduct a collection due process hearing ("CDP"). The IRS states that CDP hearings are subject to a limited standard of review: whether the IRS Appeals Office abused its discretion in deciding the issues before it. See 26 U.S.C. § 6330(d). After receiving notice that the IRS would be filing a tax lien, Persley requested a CDP hearing, and it was held on May 24, 2005.

During the hearing, Persley sought an abatement of penalties and interest, an installment agreement, and withdrawal of the tax lien. She argued that she was entitled to relief because of the financial hardships the child-care center was suffering from: In 2003 the Franklin County Department of Jobs and Family Services refused to grant her a child-care center license and sent letters to the parents of the children enrolled at her center, which caused approximately one-half of the enrollies to pull their children out of the program. The Appeals Office denied her requests. It determined that Persley had had a difficult time making her federal tax deposits for the last several years–including years prior to any problems with Franklin County and the state of her child-care license. Further, the Appeals Office determined that an installment agreement was not a sufficient alternative to a collection by levy because Persley was not in compliance with her

---

[1] All of the background facts come from defendant's unopposed motion to dismiss, which includes a copy of the Appeals Office's decision. Plaintiff's two page complaint does not include any background facts or details.

2

current tax payments, tax deposits, she had not filed a Form 940, and she had defaulted on two prior personal income tax installment agreements.

Persley argued to the Appeals Office that she had initiated an action to recover back-child support against her daughter's father. She stated that the money could be used to pay off the unpaid taxes. The Appeals Office decided that this proposal was unacceptable because there were no assurances that Persley would actually collect the money or when the money might be collected. Persley also requested that the tax lien be withdrawn against a piece of rental property that she owned. She argued that the property had been damaged in a storm and that the Federal Emergency Management Agency ("FEMA") would not provide emergency funding to complete repairs on the property so long as there was a tax lien against Persley. The Appeals Office denied this request because Persley had not met the criteria listed in 26 U.S.C. § 6323(j) and she had not shown that lifting the tax lien would facilitate the IRS's ability to collect the unpaid taxes.

## II. Analysis.

### A. Standard for a Motion to Dismiss.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart,*

580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978);

4

*Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**B. Service of the Summons and Complaint.**

The United States argues that it was not properly served with a copy of the summons and complaint because the Attorney General and the United States Attorney were not served. Rule 4(i)(1) of the Federal Rules of Civil Procedure requires that the United States Attorney for the Southern District of Ohio and the Attorney General of the United States be served with a copy of the summons and complaint in order to effectuate service. The Rule states

> **(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** Service upon the United States shall be effected
>
> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

The docket sheet shows that on November 2, 2005 summons were issued to the U.S. Attorney and the U.S. Attorney General (doc. 11) and were returned executed on December 20, 2005 (doc. 14). This occurred almost a month after defendant filed its motion to dismiss. Defendant has not supplemented its motion to dismiss nor has it argued that the November service was somehow defective. Consequently, this action should not be dismissed for the failure to effectuate service.

**C. Abuse of Discretion.**

Persley argues that the Appeals Office abused its discretion when it upheld the IRS's tax lien and its conditions of repayment. The United States argues that the decision of the Appeals Office should be affirmed. A taxpayer may seek review of the IRS's decision to levy a tax lien to

the Appeals Office.² An Appeals Office's decision is reviewable. District courts review the decisions for an abuse of discretion. *Living Care Alternative of Utica, Inc. v. U.S.*, 411 F.3d 621, 626 (6th Cir. 2005) (stating that even though the provision that authorizes review of the Appeals Office's decision, 26 U.S.C. § 6330, is silent as to the standard of review applicable, based on the legislative history the standard of review applicable is whether the Appeals Office abused its discretion unless the taxpayer is attacking the underlying validity of the tax lien in which case the decision is reviewed *de novo*); *Berkey v. Dep't of the Treasury*, 2001 WL 1397680, at * 2-3 (E.D. Mich. Sept. 20, 2001). The Appeals Office acts within its discretion if a balancing test is conducted that determines that the action is no more intrusive than necessary in order to effectuate the efficient collection of taxes. *See* 26 U.S.C. § 6330(c)(3)(C); *Living Care Alternatives of Utica*, 411 F.3d at 627.

Persley argued that she should receive an abatement of the interests and penalties on her tax liabilities because her child-care license had been denied in 2003. The IRS showed that Persley had failed to make timely federal tax deposits for tax periods ending December 31, 1999, June 30, 2001, December 31, 2001, June 30, 2002, September 30, 2002, and December 31, 2002. Her child-care license was not denied until 2003, so there was ample reason for the Appeals

---

² The Regulations provide in pertinent part:

> Q-F5. What issue or issues may the taxpayer raise before the Tax Court or before a district court if the taxpayer disagrees with the Notice of Determination?
>
> A-F5. In seeking Tax Court or district court review of Appeals' Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's CDP hearing.

26 C.F.R. § 301.6330-1.

Office to reject Persley's argument that the denial of her license was to blame for her defaulting on her tax obligations. Further, the IRS presented evidence which showed that Persley had not paid her personal income taxes for the three years that she had operated the child-care center.

The Appeals Office denied Persley's request for an installment agreement. The Appeals Office could have properly determined that an installment agreement would not sufficiently protect the IRS's interests. Persley had entered into two earlier installment agreements, one in April 2001 and another in June 2003. She defaulted on both of these agreements. Persley had not made her quarterly federal tax deposits for December 2004 and March 2005, she had not filed a Form 940 for the tax period ending December 31, 2001. Moreover, the Appeals Office determined that she had not established that she was capable of fulfilling her current expenses and taxes due. Additionally, she could not establish that she would be capable of taking on the additional burden of paying past due taxes. Persley argued that because she was trying to collect child support for her child, she should be allowed to make tax payments. The Appeals Office acted appropriately when it determined that an action to collect past due child support was too speculative an alternative to provide any certainty that the monies owed to the United States would be collected and paid.

Persley's last argument was that the tax lien levied against her property should be lifted because FEMA will not provide emergency funding to make repairs to property when a lien is filed against the applicant. Since her property had been damaged in a storm, FEMA would not provide her aid to repair the property. The Appeals Office submitted five reasons for rejecting Persley's argument that the tax lien should be withdrawn: (1) her request did not meet the criteria

8

of 6323(j)[3]; (2) she had not shown how withdrawing the tax lien would facilitate collecting the monies owed; (3) FEMA policies do not provide any basis for withdrawing a federal tax lien; (4) Persley's poor credit is not a justification for withdrawing a tax lien; and (5) Persley's current and prior non-compliance with her tax obligations would make it an imprudent decision to

---

[3] This provision states

**(j) Withdrawal of notice in certain circumstances.--**

**1) In general.**--The Secretary may withdraw a notice of a lien filed under this section and this chapter shall be applied as if the withdrawn notice had not been filed, if the Secretary determines that--

**(A)** the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,

**(B)** the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,

**(C)** the withdrawal of such notice will facilitate the collection of the tax liability, or

**(D)** with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Any such withdrawal shall be made by filing notice at the same office as the withdrawn notice. A copy of such notice of withdrawal shall be provided to the taxpayer.

**(2) Notice to credit agencies, etc.**--Upon written request by the taxpayer with respect to whom a notice of a lien was withdrawn under paragraph (1), the Secretary shall promptly make reasonable efforts to notify credit reporting agencies, and any financial institution or creditor whose name and address is specified in such request, of the

withdrawal of such notice. Any such request shall be in such form as the Secretary may prescribe.

26 U.S.C. § 6323(j).

withdraw the tax lien if the government wanted any security for the money owed to it.

Persley has not responded to any of these arguments. The position of the Appeals Office is well reasoned. The levy against Persley is no more intrusive than necessary in order to ensure the ability of the IRS to collect the taxes owed to it. There has been ample evidence presented that shows that Persley has consistently defaulted on her tax obligations; therefore, a levy is an appropriate measure.

## IV. Conclusion.

Accordingly, defendant United States' October 11, 2005 unopposed motion to dismiss or to affirm determination of the IRS Appeals Office (doc. 8) is **GRANTED**. The decision of the IRS Appeals Office is **AFFIRMED** and this action is **DISMISSED**.

_____
Michael H. Watson, Judge
United States District Court